ENTERED
CLERK U.S. DISTRICT COURT
AUG 14 2007
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

ORIGINAL

___ Priority
___ Send
___ Clsd  P/SEND
✓ Enter
✓ JS-5/JS-6
___ JS-2/JS-3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 06-8174-GHK (SSx) |
| Date | August 13, 2007 |
| Title | *Alston, et al. v. Countrywide Fin. Corp., et al.* |

**Presiding: The Honorable GEORGE H. KING, U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  
None

Attorneys Present for Defendants:  
None

**Proceedings:** (In Chambers) Order re: Defendants' Motion to Dismiss the Claims of Pennsylvania Plaintiffs

This matter is before the Court on Defendants' Motion to Dismiss the Claims of Pennsylvania Plaintiffs ("Motion"). We have considered the papers filed in support of and opposition to this Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7-15.

On May 3, 2007, Defendants filed a Motion to Dismiss the Claims of Pennsylvania Plaintiffs.[1] That Motion sought to dismiss the claims of the three Pennsylvania-resident Plaintiffs, Mary Alston, Kevin Collier, and Brad Agunas (collectively "Pennsylvania Plaintiffs"), for, in part, improper venue. *See* Fed. R. Civ. P. 12(b)(3). In considering a motion to dismiss for improper venue, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citation omitted).

Pennsylvania Plaintiffs argue that venue is proper in the Central District of California under both the general jurisdiction statute, 28 U.S.C. § 1391, and under the specific jurisdiction provision of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2614. Pennsylvania Plaintiffs each plead one claim for violation of RESPA § 8, 12 U.S.C. § 2607. As such, their claims fall within the RESPA jurisdiction statute. 12 U.S.C. § 2614 (applying to "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of" Title 12).

Pennsylvania Plaintiffs acknowledge that 12 U.S.C. § 2614 is applicable to their claims, but nevertheless argue, without citation to any authority, that 28 U.S.C. § 1391 is also applicable. This argument has been rejected by at least four courts. *See Sicienski v. Saxon Mortgage Servs., Inc.*, Civil Action No. 3:07cv243, 2007 WL 2071711, at *1 (E.D. Va. July 11, 2007); *Kruse v. Wells Fargo Home Mortgage, Inc.*, No. 02-CV-3089 (ILG), 2006 WL 1212512, at *7–8 (E.D.N.Y. May 3, 2006); *Price v. Countrywide Home Loans, Inc.*, No. Civ.A. CV205-015, 2005 WL 2354348, at *5–6 (S.D. Ga. Sept. 26,

---

[1] On the same date, Defendants filed a Motion to Dismiss the Claims of California Plaintiffs. On August 8, 2007, Plaintiffs filed a Notice of Dismissal of the claims by the California Plaintiffs. The Motion to Dismiss the Claims of California Plaintiffs is **DENIED** as moot.

P/SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 06-8174-GHK (SSx) | Date | August 13, 2007 |
| Title | Alston, et al. v. Countrywide Fin. Corp., et al. | | |

2005); *Webb v. Chase Manhattan Mortgage Corp.*, No. 04 CV 07940(GBD), 2005 WL 106896, at *1 (S.D.N.Y. Jan. 18, 2005). We can find no cases to the contrary.

We agree with those cases. 28 U.S.C. § 1391, by its own terms, "does not apply where venue is 'otherwise provided by law.'" *Price*, 2005 WL 2354348, at *5 (quoting 28 U.S.C. § 1391). RESPA contains such a provision. *See* 12 U.S.C. § 2614. Thus, Pennsylvania Plaintiffs may rely only on 12 U.S.C. § 2614 to establish venue.

RESPA provides for venue "in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred . . . ." 12 U.S.C. § 2614. Pennsylvania Plaintiffs concede that the property involved in their claims is not located in the Central District of California. (*See* First Amended Compl. ¶¶ 10–11, 14; *see also* Defs.' Exs. A–C.) Thus, venue is only proper here if "the violation is alleged to have occurred" in the Central District of California.

Pennsylvania Plaintiffs present only one argument to show that venue is proper under 12 U.S.C. § 2614:[2] that the First Amended Complaint pleads "that the statutory violations occurred in the Central District of California." (Opp'n 4.) There are four problems with this argument. First, contrary to the argument, the allegation does not state that the violation occurred here. Instead, the First Amended Complaint alleges "a substantial part of the events giving rise to the claims occurred in this district . . . ." (First Amended Compl. ¶ 9.) This does not establish that the *violation* occurred here.

Second, the statement is conclusory. It is a direct quotation from the general venue statute, 28 U.S.C. § 1391. Third, even if it were not conclusory, we need not accept the pleadings as true on a 12(b)(3) motion. *Murphy*, 362 F.3d at 1137. Fourth, the allegations in the First Amended Complaint were made with respect to both California Plaintiffs *and* Pennsylvania Plaintiffs. It is not even clear whether the allegation referred to any part of the Pennsylvania Plaintiffs' claims. Pennsylvania Plaintiffs have provided no evidence, allegation, or even argument that the violation occurred here.

Although Defendants' Motion only seeks dismissal, we have discretion to sua sponte transfer the action to any district where venue would be proper. *See Concession Consultants, Inc. v. Mirisch*, 355 F.2d 369, 371 n.3 (2d Cir. 1966). Defendants present evidence, and Pennsylvania Plaintiffs do not contest, that Pennsylvania Plaintiffs' property is located in Allentown, Pennsylvania, Warminster, Pennsylvania, and Lansdowne, Pennsylvania. (Defs.' Exs. A–C.) We take judicial notice of the fact that all three cities are in the Eastern District of Pennsylvania. In the interest of justice, the remaining claims

//
//
//
//
//

---

[2] Pennsylvania Plaintiffs also take issue with Defendants' characterization of the *time* of violation, but knowing the time of violation, without more, does not establish the *location* of violation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

*P/SEND*

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-8174-GHK (SSx) | Date | August 13, 2007 |
|---|---|---|---|

Title    *Alston, et al. v. Countrywide Fin. Corp., et al.*

in this matter are hereby **TRANSFERRED** to the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 1406(a). The clerk **SHALL** effect such transfer forthwith.

**IT IS SO ORDERED.**

Initials of Deputy Clerk    Bea