IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY ALSTON, KEVIN COLLIER and KIMBERLY DRUKER<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE HOME LOANS INC. and BALBOA REINSURANCE COMPANY,<br><br>Defendants. | CIVIL ACTION NO. 2:07-cv-03508-JS |



FILED

JUL 29 2011

MICH... ...  ...Clerk

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT, CERTIFICATION OF SETTLEMENT CLASS,
APPROVAL OF PLAN OF ALLOCATION,
APPOINTMENT OF CLASS REPRESENTATIVES, AND APPOINTMENT OF
<u>LEAD CLASS COUNSEL AND CLASS COUNSEL</u>**

Upon review and consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, Approval of Plan of Allocation, Appointment of Class Representatives, and Appointment of Lead Class Counsel and Class Counsel, the proposed class action Settlement on the terms in the parties' Settlement Agreement that was fully executed as of March 4, 2011 and previously filed with the Court on March 4, 2011, the Final Approval Hearing held on July 29, 2011, the memoranda and arguments of counsel, and any objections to the Settlement,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

Except as otherwise defined herein, all capitalized terms used in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

1. Pursuant to Federal Rule of Civil Procedure 23(e), the terms of the Agreement dated March 4, 2011 relating to the above-captioned action are hereby finally approved as fair, reasonable and adequate in light of the factual, legal, practical and procedural considerations raised by this action.

2. Solely for the purpose of Settlement in accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby finally certifies the following Class: All borrowers with residential mortgage loans closed on or after December 22, 2005 through December 31, 2008 that were reinsured by Balboa or its subsidiaries, excluding borrowers with residential mortgage loans originated by CHL's Correspondent Lending Division or otherwise purchased on the secondary market.

3. The Court appoints Plaintiffs Mary Alston, Kevin Collier and Kimberly Druker (collectively, "Named Plaintiffs") as representatives of the Class.

4. The Court appoints the law firm Kessler Topaz Meltzer & Check as Lead Class Counsel, and the law firms of Bramson, Plutzik, Mahler & Birkhaeuser, LLP, Berke, Berke & Berke, and Travis Calhoun & Conlon as Class Counsel (collectively, "Plaintiffs' Counsel") pursuant to Federal Rule of Civil Procedure 23(g).

5. The Court finds that, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), in light of the current posture of this case as a class action, that:

    (a) The Class is so numerous that joinder of all members is impracticable.

    (b) There are questions of law or fact common to the Class.

    (c) The claims of the Named Plaintiffs are typical of the claims of the Class.

    (d) Named Plaintiffs and Plaintiffs' Counsel will fairly and adequately protect the interests of the Class.

(e) The questions of law or fact common to members of the Class, and which are relevant for settlement purposes, predominate over the questions affecting only individual members.

(f) Certification of the Class is superior to other available methods for fair and efficient adjudication of the controversy.

6. After due consideration of the Named Plaintiffs' likelihood of success at trial; the range of the Named Plaintiffs' possible recovery; the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; the complexity, expense and duration of the litigation; the substance and amount of opposition to the Settlement; and the state of proceedings at which the Settlement was achieved, this Court finds that the Settlement is fair, adequate and reasonable. In particular, in light of the significant possibility that Defendants could prevail on the merits based on one or more of the defenses pleaded in their Answer or otherwise, it is clear that the Settlement falls well within the range of settlement terms that would be considered fair, adequate and reasonable. Accordingly, this Settlement should be and is approved and shall govern all issues regarding the Settlement and all rights of the parties, including Class Members. Each Class Member (except those who have excluded themselves from the Class) shall be bound by the Settlement Agreement, including the releases and covenants not to sue in the Settlement Agreement, which are hereby incorporated by reference and become part of the final judgment in this action.

7. The Settlement Administrator shall cause the Settlement Fund to be disbursed in accordance with the Settlement Agreement. Specifically, within seventy-five (75) days of the Effective Date, the Settlement Administrator shall cause each Participating Class Member to be

mailed a check as payment under the Settlement, as further limited and approved by the Settlement Agreement.

8. Within five (5) business days following the Effective Date, the Settlement Administrator shall disburse to the Named Plaintiffs the respective compensation specified below as Case Contribution Awards, which the Court finds to be warranted by the activities and leadership undertaken by each of the Named Plaintiffs:

| | |
|---|---|
| Mary Alston | $7,500 |
| Kevin Collier | $7,500 |
| Kimberly Druker | $7,500 |

9. Having awarded Plaintiffs' Counsel's attorneys' fees and reimbursement of litigation costs in the Order Awarding Attorneys' Fees, Litigation Costs, and Case Contribution Awards for the Named Plaintiffs dated July 29, 2011 (hereinafter, the "Fee Order"), the Settlement Administrator is authorized to release from the Settlement Fund the amount of the fee and expense awards made in this case, as is set forth in the Fee Order, to Lead Class Counsel for Plaintiffs. Payment of awarded attorneys' fees and reimbursement of litigation costs may be paid immediately upon entry of the Fee Order, subject to Section 5.1 of the Settlement Agreement. Lead Class Counsel shall disburse such award among Plaintiffs' Counsel, as that term is defined in the Settlement Agreement, in a manner consented to by all recipients, pursuant to the agreement among Plaintiffs' Counsel.

10. The Settlement Administrator and Defendants, consistent with the terms and deadlines established in the Settlement Agreement, shall prepare the reports and calculations, make any payments, adjustments or remittances required, and otherwise comply with their respective obligations under sections 4.1-4.8 of the Settlement Agreement.

11. All claims against Defendants are hereby dismissed on the merits and with prejudice.

12. Each and every Class Member is permanently barred from bringing, joining, or continuing to prosecute against the Defendants (as defined in the Settlement Agreement) any claim that was brought in this action or otherwise for which a release and covenant not to sue is being given under the Settlement Agreement.

13. This Court hereby retains jurisdiction of all matters relating to the interpretation, implementation, effectuation and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order.

BY THE COURT:

Dated 7/29/11

Honorable Juan R. Sánchez
United States District Judge